Per Curiam.

The marriage of the defendant is valid. This case comes within one decided a few years since in the county of Suffolk. There, a Methodist minister, having been previously ordained, was settled at Boston for two years, whicn was stated to be the usual length of time with that denomination of Christians for settling a minister ; and, upon an' application for a divorce, a, marriage by him was held to be good.[1]

 But a minister ordained over an unincorporated religious soc'cty, com posed of members belonging to different towns, is not a “ stated and ordained minister of the gospel,” within the meaning of the statute. Ligonia v. Buxton, 2 Greenl. 102. A person who has been once set apart as a public teacher of religion, according to the forms of the sect to which he belongs, is an “ ordained minister,” and, whether over any society or not, is qualified to solemnize marriages in the county where he has his “ permanent residence,” under the provisions of the statute of February 1791. (1 N. Hamp. Laws, 350.) Londonderry v. Chester, 2 N. Hamp. R. 268. A person ordained deacon, according to the forms of the Methodist Episcopal church, and commissioned by a bishop of that church to preach, administer the. ordinance of marriage, Sea., is an “ ordained minister,” within the meaning of the marriage act of 1820. Kibbe v. Antram, 4 Conn. R. 134. See also Goshen v. Stonington, 4 Conn. R. 210; Gridley v. Clark, 2 Pick. 403; Ruggles v. Kimball, 12 Mass. R. 337; Baldwin v McClinch, 1 Greenl. 102.